[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10412
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00337-ODE-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS PINEDA-DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 2, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Luis Pineda-Diaz appeals his 57-month sentence, imposed at the bottom of the Guidelines range, after pleading guilty to one count of reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Pineda-Diaz argues that his sentence was substantively unreasonable in light of the factors in 18 U.S.C. § 3553(a).  After review,[1] we affirm.

## I. DISCUSSION

Pineda-Diaz bears the burden of showing his sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  To that end, he contends that given his difficult personal history, desire to escape gang violence in Honduras, and lone prior felony conviction, the district court's sentence was substantively unreasonable because it is required to impose a sentence that is "sufficient but not greater than necessary" to carry out the statutory goals.  *See* 18 U.S.C. § 3553(a)(2).

We examine whether the sentence was substantively reasonable bearing in mind the totality of the circumstances.  *See Gall*, 552 U.S. at 51.  A court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3)

---

[1] We review the reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Irey*, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).

commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189.  The district court did not err in any of these respects.

While Pineda-Diaz argues the district court failed to give appropriate weight to his background and criminal history, the court heard and considered these issues during sentencing.  *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (holding a district court need not mention each § 3553(a) factor it has considered, so long as the record reflects that it did, in fact, consider them). Moreover, the court did not place undue emphasis on the need for deterrence; rather, the record shows the court considered that concern as only one factor among others in its sentencing determination.  *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) ("[S]ignificant reliance on one factor does not necessarily render a sentence unreasonable."); *see also United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court . . . .") (quotation omitted).  Additionally, though we do not presume, we expect a sentence imposed within the Guidelines range will be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  In sum, this record does not leave a "definite and firm conviction that the district court committed a clear error of judgment" in weighing the § 3553(a) factors.  *Irey*, 612 F.3d at 1190.

Finally, to the extent Pineda-Diaz invokes the "parsimony principle" in contending his sentence should be "not greater than necessary" to achieve the statutory goals, his argument fails.  We have explicitly rejected such an approach, finding it neglects to accord equal weight to the countervailing statutory command, that the sentence be "sufficient . . . to comply with the purposes" of § 3553(a)(2). *Irey*, 612 F.3d at 1196–97.

## II. CONCLUSION

In light of the foregoing, we affirm Pineda-Diaz's sentence.

**AFFIRMED.**